UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DARLENE C. GORING,**  **CIVIL ACTION**
**GAIL C. GORING,**
**GLORIA W. GORING, AND**
**WAYNE A. GORING**

**VERSUS**

**RICHARD M. ROSS, JR.,**  **NO. 05-860-C-M1**
**KRISTINA W. SHAPIRO, AND**
**SHAPIRO AND SHAPIRO, L.L.C.**

**RULING ON MOTION FOR SUMMARY JUDGMENT
AND CROSS MOTION FOR SUMMARY JUDGMENT**

Before the Court is a Motion for Summary Judgment (Doc. No. 20) filed on behalf of Defendants, Kristina W. Shapiro ("Shapiro") and Shaprio & Shapiro, LLC. Plaintiffs, Darlene C. Goring, Gail C. Goring, and Wayne A. Goring have simultaneously filed an opposition to Defendants' Motion for Summary Judgment, a Cross Motion for Summary Judgment against Defendant Shapiro and Defendant Shapiro and Shapiro, LLC., and a Motion for Summary Judgment against Defendant Richard Ross ("Ross")  (Doc. No. 30). Defendants Shapiro and Defendants Shapiro and Shapiro, LLC. have filed opposition. Defendant Richard Ross ("Ross") has not filed opposition.

Jurisdiction is based upon federal question, 28 U.S.C. §1331 as Plaintiffs set forth claims for violations of Title III of the Omnibus Crime Control and Safe Streets

Act of 1968, 18 U.S.C. § 2510, *et seq*. Venue is proper in this district.[1] Having reviewed the submissions of the parties, the record, and the pertinent law, the Court will (1) **GRANT** Defendants' Motion for Summary Judgment, (2) **DENY** Plaintiffs' Cross Motion for Summary Judgment, and (3) decline to exercise supplemental jurisdiction over the state law claims raised by Plaintiffs.

## I. BACKGROUND

On December 25, 2003, Defendant Richard M. Ross, Jr. ("Ross"), accompanied by his sister, Kimberly Miller, came to the residence of Plaintiff, Gloria Goring, in Miami, Florida, to visit his son Richard M. Ross, III, and his daughter, Morgan A. Ross. Upon his arrival, Ross engaged in a conversation with his ex-wife, Plaintiff Darlene C. Goring ("Goring"), and her brother, Plaintiff Wayne A. Goring, regarding the specifics of a court-ordered Christmas visitation schedule. Using a hidden device, and without the knowledge and/or consent of any or all of the Plaintiffs, Ross recorded the conversations that he had with Plaintiffs on that date at the Goring residence.

At the time Ross taped the conversations, he and Goring were recently divorced, yet still actively involved in child custody and support litigation in the Family Court of East Baton Rouge Parish, Louisiana. For the Family Court matters, Ross retained divorce attorney, Shapiro to represent him. It was during her

---

[1] The Court notes that venue would have been proper in Florida. However, because Defendants have waived their objection to venue by virtue of responding to the pleadings in this matter, the Court cannot *sua sponte* raise a venue defense.

representation of Ross, that Shapiro and her firm Shapiro & Shapiro, LLC caused the recording of the December 25, 2003 conversation to be transcribed.

On March 5, 2004, Ross and Shapiro filed a Motion For Contempt, (Doc. No. 32-2), alleging that Goring willfully disobeyed the judgment of the Family Court by failing to allow Ross visitation with the children for "one-half of the Christmas holidays" (which was later clarified by the Court as "one week, beginning at noon on Christmas Day"). Specifically, Ross alleged that Goring "refused to work with [him] to effectuate a visitation plan during the holidays; she refused to allow [him] to pick up the children on Christmas Day as ordered by the Court; she caused [him] frustration and inconvenience during the holidays; she refused to allow [him] to use the car seats for the children; she refused to provide adequate clothing for the children while they were with [him], more specifically, she only provided 3 days worth and provided no dress clothes for church, and she generally made the holidays unpleasant for [him] and the children."[2]

In his Motion for Contempt, Ross requested several forms of relief including: all costs and attorneys fees as allowed by law, additional visitation to make up for the lost visitation and inconvenience during the holidays (with such visitation to take place at his convenience and at Goring's costs), imposition of a bond requirement against Goring to insure compliance with all future custody and visitation orders, and domiciliary parent status. Trial was set on June 17, 2004 in the Family Court of the

---

[2] See Motion for Contempt at 9. (Doc. No. 32-2).

Parish of East Baton Rouge, Louisiana, to determine visitation and child support for the children, as well as to have a hearing on the Motion for Contempt.

On June 8, 2004, Shapiro served Goring in Baton Rouge, Louisiana, with a pretrial order in the above-referenced matter. The pretrial order referred to "various tape recordings between the parties" that she and Ross intended to use at the family court trial determining visitation and child support as well as the hearing on Ross's Motion For Contempt. Although Plaintiffs first became aware of the existence of tape recorded conversations from the pretrial order, neither the tape nor the transcript were ever introduced at the custody hearing.[3]

On June 13, 2005, Plaintiffs filed a Complaint in this Court against Defendants alleging five claims for relief:

### Against Ross

(1) unlawful interception of Plaintiffs' oral communication in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq*

Plaintiffs allege that Defendant Ross's unlawful interception was for the purpose of committing the following criminal and/or tortious acts:
(a) unlawful disclosure of oral communications in violation of F.S.A. § 943.03(1)(c)
(b) unlawful use of oral communications in violation of F.S.A. § 943.03(1)(d)
(c) unlawful extortion prohibited by F.S.A § 836.05
(d) invasion of privacy by intrusion upon seclusion

### Against All Defendants

---

[3] Darlene Goring Deposition at 18.

    (2)     unlawful disclosure of Plaintiffs' oral communications in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq*

    (3)     unlawful use of Plaintiffs' oral communications in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510, *et seq*

    (4)     invasion of privacy by inclusion upon seclusion

**Against Shapiro and Shapiro and Shapiro, LLC**

    (5)     intentional tort pursuant to L.S.A. C.C. art. 2315

Plaintiffs seek compensatory damages, punitive damages, attorneys' fees, and costs.

Now before the Court is Shapiro and Shapiro and Shapiro, LLC's Motion for Summary Judgment. Both defendants argue that no issues of material fact exist to establish the unlawfulness of the subject recording made by Ross because (1) he was a party to the conversation; (2) Plaintiffs did not have a reasonable expectation of privacy with respect to the conversation; and (3) the conversations were never "used" or "disclosed."

Also, before the Court are Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Cross Motion for Summary Judgment against Defendants. In the Cross Motion for Summary Judgment, Plaintiffs re-urge the claims in the Complaint – invasion of privacy, knowingly violating a prohibitory statute, and illegally intercepting, obtaining, using, and disclosing oral communications. Plaintiffs cite violations of Federal law, Florida law, and Louisiana law.

## II. DISCUSSION

**A.    Summary Judgment**

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.[4] When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case.[5] The movant may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case.[6]

Although this court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial.[7] Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden.[8] If once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant,

---

[4] Fed. R. Civ. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).

[5] **Id**.

[6] **Id**.

[7] See **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248-49 (1986).

[8] **Grimes v. Dep't of Mental Health**, 102 F.3d 137, 139-40 (5th Cir. 1996).

summary judgment will be granted.[9]

## B.   Title III of the Omnibus Crime Control and Safe Streets Act of 1968

Title III of the Omnibus Crime Control and Safe Streets Act of 1968 (also known as the Federal Wiretap Statute) prohibits the interception, use, and disclosure of wire, oral, or electronic communications, subject to certain exceptions.[10] Pursuant to Title III, a person not acting under color of state law may, without violating the statute, intercept an oral communication to which he is a party unless the purpose of the interception is to commit any "criminal or tortious act in violation of the Constitution or laws of the United States or of any state."[11] Here, neither party contests that Ross, not acting under color of state law, intercepted an oral communication to which he was a party. Thus, the central question the Court must address is whether Defendant Ross, in intercepting the oral communication between he and the Plaintiffs, had the purpose of committing a criminal or tortious act. Once the Court settles that question, the Court must then determine whether Shapiro and Shapiro and Shapiro, LLC's alleged disclosure and/or use of the tape

---

[9] See **Celotex**, 477 U.S. at 322; see also Fed. Rule Civ. P. 56(c).

[10] Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2511(1)(a) provides in pertinent part:

> It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State.

[11]   18 U.S.C. § 2511(2)(d).

violated Title III.

### 1.     Interception and Use of Oral Communications under Title III

Defendants contend that Ross 's purpose in recording the December 25, 2003 conversations was not to commit a criminal or tortious act in violation of Title III of the Omnibus Crime Control and Safe Streets Act of 1968.

In opposition, Plaintiffs allege that Ross violated Title III by intercepting, recording, and using the conversations he had with Plaintiffs on December 25, 2003 for the purpose of engaging in an unlawful extortion in violation of F.S.A. §836.05 of the Florida Criminal Code. In her deposition Goring avers that "as a result of [Ross's] threats to use the illegally recorded conversations to gain custody of [her] minor children, child support and attorneys' fees, [she has] suffered extreme emotional distress, loss of ability to concentrate, sleep disorders, anxiety, embarrassment, public humiliation, and monetary damages."[12]

Nothing in the record suggests that Ross had *the purpose* of committing an extortion at the time he intercepted the December 25, 2003 conversation. While Goring alleges that Ross "threatened" to use the taped conversations against her in the family court proceedings, outside of the pretrial order (which merely gave Plaintiffs notice as to the existence of the tape), nothing in the record suggests that Ross actually threatened Goring either verbally or by written or printed communication. Given the context of the circumstances surrounding the taping,

---

[12] Darlene Goring Deposition at 27.

along with the reality that divorces involving children are often of a litigious nature, the mere filing of a motion in an already ongoing proceeding (with the intent to use a taped conversation as evidence) does not constitute an extortion.

In his deposition, Ross indicates that his purpose in making the tape recording was "to create an accurate record of the conversation."[13] His attorney in the family court matter, Shapiro, substantiates this claim in her deposition by admitting that she advises clients to record conversations in order to facilitate accurate recollection:

> **Ms. Freeman:** Have you ever advised clients to tape record conversations?
> **Ms. Shapiro:** Have I ever –
> **Ms. Freeman:** Yes.
> **Ms. Shapiro:** – advised clients?
> **Ms. Freeman:** Yes.
> **Ms. Shapiro:** Yes.
> **Ms. Freeman:** Under what circumstances do you advice clients to tape record conversations?
> **Ms. Shapiro:** That would depend on the circumstances of each case.
> **Ms. Freeman:** Give me an example.
> **Ms. Shapiro:** I don't know. There would be any number of circumstances.
> **Ms. Freeman:** List some for me, please.
> **Ms. Shapiro:** If there was a concern about what somebody said or didn't say. If a client was being accused of things that they felt was inaccurate.[14]

A number of courts have found that an individual's desire to make an

---

[13] ".. I wanted to use this recording as backup in case of any testimony that was presented in the family court matter. And based on the fact that Ms. Goring had lied previously, I wanted to make sure that if she lied again, I would be able to prove it to the court because otherwise it would have simply been my word against hers. I wanted to make sure that if I had to go to court to explain what happened on this day, that I would have a recording to show that I was stating the truth." Ross Deposition at 40,41.

[14] Shapiro Deposition at 30.

accurate record of a conversation to which he is a party is a lawful purpose under the statute even if he wants to use the recording in evidence.[15] The Ninth Circuit has held that "Congress did not intend to prohibit recording a conversation when its purpose was to preserve evidence [of extortion] . . ."[16] The Eighth Circuit has also come to a similar conclusion:

> Even were we to concede that the purpose of the recording was to use it for impeachment purposes, . . . this would not appear to be a violation of the Act. This use would have been to protect the defendants' position, not to positively harm the plaintiff. Surely it could not be contended that the plaintiff was free to make one statement to the defendant Gavin over the phone, and then to make an entirely different one in the compensation proceedings, without fear of contradiction.[17]

The Sixth Circuit has even gone as far to say that the Wiretap Statute requires the plaintiff to show that the defendants intended an illegal, tortious or injurious act *other than* the recording of the conversation.[18] Another court has even indicated that a criminal or tortious purpose within the meaning of Title III is not established by the mere fact that a defendant violated provisions in the state code.[19]

---

[15] **By-Prod Corp. v. Armen-Berry Co.**, 668 F.2d 956, 959 (7th Cir. Ill. 1982), **United States v. Underhill**, 813 F.2d 105, 110 (6th Cir. Tenn. 1987).

[16] **Moore v. Telfon Communications Corp.**, 589 F.2d 959, 966 (1978).

[17] **Meredith v. Gavin,** 446 F.2d 794, 799 (8th Cir. 1971).

[18] **Boddie v. American Broadcasting Cos.**, 731 F.2d 333, 339 (6th Cir. 1984). (Emphasis added).

[19] **Vazquez-Santos v. El Mundo Broad. Corp.**, 219 F. Supp. 2d 221, 230 (D.P.R. 2002).

Title III requires the Plaintiffs to demonstrate that Ross operated with a purpose to commit a criminal or tortious act other than the interception itself. Here, the record reflects that Ross made the tape recording for the purpose of having proof of the conversation that occurred between him and Goring. As such, because ensuring an "accurate record" of a conversation is not in itself criminal or tortious, the Court finds Ross did not intercept the December 25, 2003 conversation for the purpose of committing a criminal or tortious act.

Thus, and for the foregoing reasons, summary judgment will be **GRANTED** in favor of Defendants, dismissing Plaintiffs' claims of unlawful interception. The Court now turns to whether Defendants' transcription of the tape violated Title III.

### 2. Disclosure of Oral Communications Under Title III

Subsequent to the recording of the December 25, 2003 conversations, Ross gave a copy of the taped conversations to his attorney, Shapiro. Plaintiffs aver that Shapiro, along with the assistance of her firm, Shapiro and Shapiro, LLC caused said tape to be transcribed. This transcription, Plaintiffs allege, constitutes unlawful use and disclosure of Plaintiffs' oral communications.

Although section 2511(2)(d) of Title III speaks only of the interception, not of disclosure or use, of a communication, a disclosure or use of the contents of any intercepted communication is only unlawful if the person knows or has a reason to know that the interception was illegal:

(1) Except as otherwise specifically provided in this chapter person

> who–
> ...
> (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, *knowing or having reason to know* that the information was obtained through the interception of a wire, oral, or electronic communication *in violation of this subsection;*
> (d) intentionally uses, or endeavors to use, the contents of any wire, oral, or electronic communication, *knowing or having reason to know* that the information was obtained through the interception of a wire, oral, or electronic communication *in violation of this subsection;*
> ...
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).[20]

Nothing in the record suggests that Defendants knew or had reason to know that the interception of the December 25, 2003 conversation was illegal. Ross testified in his deposition that his purpose in intercepting the conversation was to create an accurate record of the conversation. Shapiro admitted to advising her clients to record conversations to ensure accurate recollection. Neither of the purposes claimed by Defendants for the interception and/or use of the recorded December 25, 2003 conversation is illegal.

Therefore, and looking to the plain reading of Title III, the Court finds that the use and disclosure of the December 25, 2003 interception, whether it be for use at trial or whether it be for the production of a transcript, will not be considered unlawful because, as this Court has already concluded, the interceptions themselves are lawful. Therefore Plaintiffs' Cross Motion for Summary Judgment will be **DENIED**.

---

[20] *See* 18 U.S.C. § 2511(1)(c)-(d). (Emphasis added).

**B.     State Law Claims**

Plaintiffs advance a number of state law claims under both Florida and Louisiana law.

Section 1367(a) of Title 28 of the United States Code grants supplemental jurisdiction to this Court over all claims that are so related to claims over which the Court has original jurisdiction when the claims are part of the same case or controversy under Article III of the United States Constitution. However, the Court may decline to exercise supplemental jurisdiction in certain circumstances, including where "the district court has dismissed all claims over which it has original jurisdiction." Having dismissed Plaintiffs' claims arising under Title III of the Omnibus Crime Control and Safe Streets Act of 1968, the Court now declines to exercise supplemental jurisdiction over the remaining state law claims in this matter.

### III. CONCLUSION

Having determined that Ross did not make the tape recordings for the purpose of committing any criminal or tortious act, and for the reasons set forth in this opinion,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment (Doc. No. 20) filed by defendants Kristina W. Shapiro and Shapiro and Shapiro, L.L.C. is **GRANTED.**

**IT IS FURTHER ORDERED** that the Cross Motion for Summary Judgment (Doc. No. 30 ) filed by plaintiffs, Darlene C. Goring, Gail C. Goring, Gloria W. Goring

and Wayne A. Goring is **DENIED.**

**IT IS FURTHER ORDERED** that, because all of the federal claims in this matter have been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

Signed in Baton Rouge, Louisiana, on June 26, 2008.

_____
**RALPH E. TYSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**